IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Mahdi Jibri Holmes,** )<br>Petitioner, )<br> )<br>v. )<br> )<br>**Director, Dep't of Corrections,** )<br>Respondent. ) | 1:15cv649 (JCC/JFA) |

MEMORANDUM OPINION

Mahdi Jibri Holmes, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his convictions in the New Kent County Circuit Court, Virginia. On August 21, 2015, respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and numerous exhibits. Dkt. Nos. 19, 20, 21. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a response. For the reasons that follow, petitioner's claims must be dismissed.

**I. Background**

In a jury trial on February 23, 2012, petitioner was found guilty of attempted carjacking, in violation of Virginia Code §§ 18.2-26 and 18.2-58.1, malicious wounding, in violation of Code § 18.2-51, and two corresponding counts of use of a firearm in commission of attempted carjacking and malicious wounding, in violation of Code § 18.2-53.1. Case Nos. CR11-132(00), CR11-132(01), CR11-132(02), and CR11-132(03). In a subsequent jury trial on May 24, 2012, petitioner was found guilty of felon firearm possession in violation of Code § 18.2-308.2. Case

No. CR11-123(04).[1] He was sentenced on August 27, 2012 to a total prison term of nineteen (19) years. Petitioner pursued a direct appeal to the Virginia Court of Appeals contending that the trial court erred in denying his motion to suppress his identification by the victim witness, Edward Davis. He also argued the evidence was insufficient to support his convictions because the Commonwealth's evidence was incredible. His petition for appeal was denied on March 26, 2013. Rec. No. 1718-12-2. On September 27, 2013, the Supreme Court of Virginia refused petitioner's second-tier appeal. Rec. No. 131014.

The Virginia Court of Appeals' order dated March 26, 2013 and record reflect the following facts:

> On June 10, 2011, Edward Davis and his wife, Marjorie Feroe left Williamsburg to drive back to their home in Pennsylvania. They departed during the early morning hours to avoid traffic in the Washington, D.C. area. The couple stopped at a rest area near New Kent and used the restroom. As they walked back to their car, a black woman with tattoos approached them and asked if they could "jump" her car. Davis agreed and instructed Feroe to stand to the side as he moved his car closer to the woman's white sedan. When Davis stopped his car, he noticed a black male standing near the white sedan.
>
> Davis waited outside his car as the woman looked for battery cables in her trunk. The black male assisted her briefly before approaching Davis' car and climbing into the front passenger seat. Concerned, Davis immediately re-entered his car and turned off the engine. The black male pointed a gun at Davis and stated, "I'll shoot you, I'll shoot you," and instructed Davis to get out of the car.
>
> Instead, Davis lunged at the man and struggled with him. The man struck Davis several times on the head and face with the gun. When the pair landed on the ground next to the car, the man dropped the gun. Davis threw the gun into the car, and the man fled the scene. Bleeding profusely, Davis collected his wife and drove to a nearby gas station where he called the police . . . .
>
> That same day, police obtained surveillance footage from the 7-Eleven on the receipt and showed it to Davis. Special Agent Lyons instructed Davis to "look at this and see if he recognized anybody . . . ." Upon watching it, Davis identified a female customer as the woman who approached him at the rest area. When Davis saw the appellant with the woman, he told police that the appellant "looked like" his assailant.

---

[1] Petitioner's trial for felon firearm possession was severed and thus followed his trial for attempted carjacking, malicious wounding, and two corresponding counts of using a firearm in commission of attempted carjacking and malicious wounding.

2

> On June 16, 2011, less than a week after Davis' assault, Janay Battle saw her image on the news in connection with the incident. Upon deciding to turn herself in, she tried to reach appellant by telephone, but was unsuccessful. Battle called appellant's brother and asked him to inform appellant of her plans. Later that evening, appellant called Battle and told her, "I'm sorry that I put you through this, but if you talk, you know what will happen," and hung up.
>
> Battle turned herself in and was charged with several offenses. She told police her passenger's name was "Mahdi," but could not recall his full name. Battle reviewed several photographs with police unsuccessfully before remembering that she had "Mahdi's" phone number in her cell phone. Police confirmed the phone number belonged to appellant and presented Battle with his photograph. Battle immediately identified appellant from the photo, stating, "You finally got the right person."

Rec. No. 1718-12-2, March 26, 2013 Order at 1-3.

On March 7, 2014, petitioner timely filed a petition for a writ of habeas corpus in the New Kent County Circuit Court ("state habeas court") attacking the validity of his convictions and alleging ineffective assistance of counsel claims. Case No. CL14-28. The state habeas court denied petitioner's petition on June 2, 2014. The Supreme Court of Virginia refused petitioner's habeas appeal on March 24, 2015. Rec. No. 141241.

On May 21, 2015, petitioner filed a petition for a writ of habeas corpus in this Court, pursuant to 28 U.S.C. § 2254, alleging that:

> 1. The identifications used to support the convictions were unduly suggestive and the convictions rendered were unconstitutional in violation of his rights under the Fifth, Sixth, and Fourteenth Amendments.
>
> 2. Trial counsel was ineffective for:
>
>> a. Failing to properly preserve the issue of Ms. Battle's identification of the petitioner by moving to strike her identification.
>>
>> b. Failing to present evidence that the victim's identification of the petitioner was only the result of viewing a videotape.
>>
>> c. Failing to renew the motion to strike on the charges of attempted carjacking, use of a firearm, possession of a firearm by a convicted felon.
>>
>> d. Failing to object to the sufficiency of the evidence.

3. The evidence in its totality was insufficient as a matter of law to support the convictions beyond a reasonable doubt.

## II. Exhaustion

Exhaustion is a matter of comity to the state courts, and failure to exhaust requires dismissal from federal court so that the petitioner may present his claims to the state courts first. See 28 U.S.C. 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, the petitioner must present the same factual and legal claims raised in the instant case to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See Duncan v. Henry, 513 U.S. 364 (1995); Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994) ("mere similarity of claims is insufficient to exhaust" state remedies). In reviewing federal challenges to state proceedings, "[s]tate courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." O'Sullivan, 526 U.S. at 844. Where questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that he properly presented his claim, including the operative facts and controlling legal principles, to the state courts in accordance with the state's "chosen procedural scheme." Mallory, 27 F.3d at 995, see also Kasi v. Angelone, 300 F.3d 487, 501-01 (4th Cir. 2002).

Stated simply, in order to properly exhaust a claim prior to filing a § 2254, petitioner must have presented the same legal argument and factual support to the Supreme Court of

4

Virginia on direct appeal, in an original jurisdiction state habeas corpus petition, or in a habeas appeal from a circuit court's denial of habeas relief. See 28 U.S.C. § 2254(b).

### III. Procedural Default

If a state court finds, based on an adequate and independent state-law ground, that a claim is procedurally defaulted from review, then the claim is not reviewable in federal habeas. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991); Williams v. French, 146 F.3d 203, 208-09 (4th Cir. 1998) (internal citations omitted). A state procedural rule is "adequate" if it is "regularly or consistently applied by the state court," and is "independent" if its application does not depend on the federal Constitution. Williams, 146 F.3d at 209 (internal citations omitted). The only exception to this rule is if the petitioner can show cause and prejudice for the default, or a fundamental miscarriage of justice, such as actual innocence. See, e.g., Harris v. Reed, 489 U.S. 255, 262 (1989) (internal citations omitted).

### IV. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas corpus petition, a federal court may not grant the petition on that particular claim unless the state court's adjudications were contrary to, or an unreasonable application of, clearly established federal law, or were based on an unreasonable determination of the facts presented at the trial. 28 U.S.C. § 2254(d)(1)-(2). This test erects a "formidable barrier to federal habeas relief" for claims adjudicated on the merits. Burt v. Titlow, 134 S. Ct. 10, 16 (2013). Under this standard, for a state prisoner to obtain habeas relief, he "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination violates the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. When reviewing the state court's findings, the federal court is limited to the record before the state court at the time of the decision. See Cullen v. Pinholster, 563 U.S. 170 (2011).

Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Importantly, this standard of reasonableness is an objective one, and does not allow a federal court to review simply for plain error. Id. at 409-10; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003). In addition, a federal court should review the state court determination with deference; the court cannot grant the writ simply because it concludes that the state court incorrectly determined the legal standard. See Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002) (internal citations omitted). A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

**V. Analysis**

    i. <u>Claim 1</u>

Petitioner alleges that the identifications used to support his convictions were unduly suggestive, and therefore violated his Due Process rights. As the Virginia Court of Appeals properly pointed out:

> The "due process check on the admission of eyewitness identification applies only when "the police have arranged suggestive circumstances leading the witness to identify a particular person as the perpetrator of a crime," Perry v. New Hampshire, 132 S. Ct. 716, 720 (2012), and when these circumstances damage the reliability of the identification to the extent that there exists "a very substantial likelihood of irreparable misidentification," id. (quoting Simmons v. United States, 390 U.S. 377, 384 (1968))); see also Neil v. Biggers, 409 U.S. 188 (1972).
> Both elements of a due process violation must be shown before the identification can be suppressed. "An identification infected by improper police influence, our case law holds, is not automatically excluded." Perry, 132 S. Ct. at 720. If the "indicia of reliability are strong enough to outweigh the corrupting effect of the police-arranged suggestive circumstances, the identification evidence ordinarily will be admitted, and the jury will ultimately determine its worth." Id.

Rec. No. 1718-12-2, March 26, 2013 Order at 5-6.

The appellate court held that "even assuming the trial court erred by allowing the identification evidence, such error was harmless beyond a reasonable doubt." Id. at 6. Even if Davis' identification had been excluded, Battle's identification testimony coupled with petitioner's admissions established that petitioner was Battle's companion at the rest area on the night of the assault and that petitioner did in fact strike Davis with a gun. Id. When petitioner was arrested, he admitted that he had gone out with "that girl" and admitted to having handled a gun and to having done "something bad." Id.

Additionally, Battle's identification of petitioner appeared to be certain because she had spent a lengthy period of time with him prior to the incident. Id. Likewise, her description of the events leading up to the assault was consistent in all material respects with the descriptions given by Davis and his wife, the physical evidence recovered from the crime scene, and petitioner's own admissions. Id.

7

The state court finding that there was not "a very substantial likelihood of [an] irreparable misidentification" is neither contrary to, nor is an unreasonable application of federal law, and it is not based upon an unreasonable interpretation of the facts. Therefore, the state court finding is entitled to deference, and Claim 1 must be dismissed.

ii. Claim 2

Petitioner raises allegations of ineffective assistance of counsel; however, the state habeas court's rulings on his ineffective assistance of counsel claims were not contrary to, or an unreasonable application of Supreme Court law, nor were they based on an unreasonable interpretation of the facts. Therefore, this Court should defer to the merits decisions of the state habeas court, and petitioner's ineffective assistance of counsel claims must be dismissed.

To prevail on an ineffective assistance of counsel claim, a petitioner must meet the two-pronged test established in Strickland v. Washington, 455 U.S. 668 (1984). Under this test, a petitioner must prove both that his attorney's performance was so deficient "that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and that this performance prejudiced the outcome of petitioner's trial. Strickland, 466 U.S. at 687. To meet the second prong, petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A court reviewing a claim of ineffective assistance of counsel must presume that counsel acted competently, and should determine the merits of the claim based on the information available to the attorney at the time of the trial. See, e.g., Bell v. Cone, 535 U.S. 685, 695 (2002); Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000). In addition, the two prongs, deficient performance and prejudice constitute "separate and distinct elements." Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). Therefore, a court can appropriately dismiss an ineffective assistance of counsel

claim on either prong. Strickland, 466 U.S. at 697; see also Bell v. Cone, 535 U.S. 685, 695 (2002) (internal citations omitted) ("Without proof of both deficient performance and prejudice to the defendant, we concluded it could not be said that the sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand."). Petitioner cannot meet the high standard set forth in Strickland because he cannot show that his attorney's performance was deficient and that he was prejudiced as a result.

### 1. Claim 2(a)

Petitioner asserts that counsel was ineffective for failing to properly preserve the issue of Ms. Battle's identification of petitioner by not moving to strike her identification. The issue of petitioner's identification at the rest stop was challenged in a motion to suppress, was preserved on appeal, and was ultimately resolved against him.

In regards to petitioner's claim, the state habeas court pointed out that "any error was harmless," specifically because "Battle spent a lengthy period of time with appellant and was certain in her identification." Id. at 6 (quoting Rec. No. 1718-12-2, March 26, 2013 Order at 6). The Virginia Court of Appeals had already found that Battle's identification of petitioner was consistent with other evidence, including petitioner's own admissions. Rec. No. 1718-12-2, March 26, 2013 Order at 6.

Additionally, after reviewing the record, the pleadings, and trial counsel's affidavit, the state habeas court found that, under Strickland, "Holmes has not overcome the strong presumption that counsel's conduct fell within the range of reasonable competence, nor has he shown a reasonable probability of a different outcome at trial had counsel made the specific motion to strike Holmes now prefers." Case No. CL14-28, June 2, 2014 Order at 7. Thus,

petitioner has failed to establish deficient performance and prejudice under Strickland. Id. The state court finding is neither contrary to, nor is an unreasonable application of federal law, and it is not based upon an unreasonable interpretation of the facts. Thus, Claim 2(a) must be dismissed.

### 2. Claim 2(b)

Petitioner alleges that counsel was ineffective for failing to present evidence that the victim's identification of petitioner was solely a result of viewing a videotape. The state habeas court rejected this claim, finding that, "Even if Davis's identification of Holmes could have somehow been suppressed, 'Battle's identification testimony and appellant's admissions to Special Agent Lyons established appellant was Battle's companion at the rest area on the night of Davis' assault and that appellant struck Davis with a gun.'" Case No. CL14-28, June 2, 2014 Order at 8 (citing Rec. No. 1718-12-2, March 26, 2013 Order at 6). Consequently, the state habeas court, relying on Strickland, found that petitioner had failed to establish prejudice. Even without the evidence of Davis' identification of petitioner, the Commonwealth's remaining evidence constituted strong proof of petitioner's guilt. Id. This finding is neither contrary to, nor is an unreasonable application of federal law, and it is not based upon an unreasonable interpretation of the facts. Therefore, the state habeas court finding is entitled to deference, and Claim 2(b) must be dismissed.

### 3. Claim 2(c)

Petitioner asserts that counsel was ineffective for failing to renew the motion to strike for the charges of attempted carjacking, use of a firearm, and possession of a firearm by a convicted felon. The state habeas court found that, in fact, this claim was directly refuted by the record. Case No. 14-28, June 2, 2014 Order at 9. Counsel did move to strike during the trial for

attempted carjacking and use of a firearm in commission of attempted carjacking. Tr., Feb. 23, 2012 at 227-28. Additionally, counsel renewed the motion to strike at the close of all evidence. Id. at 231-33.

As to the trial for possession of a firearm by a convicted felon, which occurred on May 24, 2012, the state habeas court found that petitioner had failed to establish prejudice as required by Strickland. Case No. 14-28, June 2, 2014 Order at 9. Petitioner had acknowledged to the police that his fingerprints were on the gun, and his fingerprints were in fact "all over the gun," which constitutes "strong proof that Holmes handled the gun in violation of Code § 18.2-308.2." Tr., Feb. 23, 2012 at 212-13. Thus, the state habeas court found that one portion of petitioner's claim had absolutely no basis in fact, and the other portion failed under Strickland's prejudice prong. Case No. 14-28, June 2, 2014 Order at 9. These findings are neither contrary to, nor an unreasonable application of federal law, and are not based upon an unreasonable interpretation of the facts. Therefore, the state habeas court findings are entitled to deference, and Claim 2(c) must be dismissed.

### d. Claim 2(d)

Petitioner alleges that counsel was ineffective for failing to object to the sufficiency of the evidence. This claim was rejected by the state habeas court on the ground that it failed under both prongs of the Strickland inquiry. Case No. 14-28, June 2, 2014 Order at 10. As previously discussed, counsel did in fact make a motion to strike the evidence in the attempted carjacking, malicious wounding, and use of a firearm case. Id. In addition, the state habeas court found that because of the overwhelming evidence of petitioner's guilt, petitioner could not establish that any different motion to strike or exclusion of Edward Davis' identification of petitioner would have resulted in a reasonable probability of a different outcome, as required by Strickland. Id.

11

("Nothing remotely approaching a reasonable probability of a different result at trial exists, given the overwhelming proof of Holmes's guilt." This finding is neither contrary to, nor is an unreasonable application of federal law, and it is not based upon an unreasonable interpretation of the facts. Therefore, the state habeas court finding is entitled to deference, and Claim 2(d) must be dismissed.

### iii. Claim 3

Claim 3 contends that the evidence presented in the trial court was insufficient to support all of petitioner's convictions. Jackson v. Virginia, 443 U.S. 307 (1979) provides the standard by which a federal court must review a habeas petition alleging insufficiency of the evidence. A federal court must determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319 (emphasis in original) (internal citations omitted). Challenges based on the sufficiency of the evidence thus face "two layers of judicial deference." Coleman v. Johnson, 132 S. Ct. 2060, 2062 (2012) (per curiam). In a jury trial, such as petitioner's, the jury has the sole responsibility for determining what conclusions to draw from the evidence presented at trial. Thus, an appellate court reviewing a challenge to the sufficiency of the evidence on direct appeal may overturn the jury's verdict only if no rational trier of fact could have agreed with the outcome. Cavazos v. Smith, 132 S. Ct. 2, 3 (2011) (per curiam). A federal habeas court may only overturn this state court decision if the decision was "objectively unreasonable;" it may not overturn the decision simply because it disagrees with the outcome. Id. (quoting Renico v. Lett, 559 U.S. 766, 773 (2010)).

Petitioner essentially argues that, because the Commonwealth's evidence was arguably incredible, he should not have been convicted of the four charges against him. After reviewing

the trial transcript and considering all facts in the light most favorable to the Commonwealth, however, the Virginia Court of Appeals found:

> With regard to the fifth and sixth assignments of error, i.e., whether the evidence was sufficient to support appellant's malicious wounding and related firearm convictions, appellant argues that a fact finder could have rationally concluded that he struck Davis with the intent to get Davis off of him rather than to maim, disfigure, disable, or kill Davis. In support of that argument, he points out he did not continue beating Davis with his fists after he lost control of the gun.
>
>> In considering an appellant's alternate hypothesis of innocence in a circumstantial evidence case, we must determine "not whether there is some evidence to support" the appellant's hypothesis of innocence, but, rather, "whether a reasonable [fact finder], upon consideration of all evidence, could have rejected the [appellant's] theories in his defense and found him guilty of [the charged crime] beyond a reasonable doubt."
>
> Emerson v. Commonwealth, 43 Va. App. 263, 277, 597 S.E.2d 242, 249 (2004) (quoting Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003)). "The statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt." Hudson, 265 Va. at 513, 587 S.E.2d at 785.
>
> Here, we cannot say appellant has established his convictions for malicious wounding and the related firearm offense constituted a "clear miscarriage of justice." When Davis entered his vehicle, appellant did not retreat. Instead, he produced a gun and threatened to shoot Davis. When Davis refused to exit the vehicle, appellant struck him several times in the head, injuring him so severely that he required several staples to close the wound inflicted by the appellant. By contrast, appellant points to no evidence suggesting he was injured during the struggle. Based on this evidence, a rational fact finder could conclude that appellant struck Davis with the intent to maim, disfigure, disable, or kill him. . . .
>
> Appellant also argues the evidence was insufficient to support his convictions for attempted carjacking and the related firearm offense. He asserts the evidence failed to prove he intended to seize control of Davis' car because he never demanded the keys from Davis or asked Davis to exit the car. Viewed in the light most favorable to the Commonwealth, however, the evidence proved that appellant entered Davis' car while the car was running and Davis was outside the vehicle. Furthermore, when Davis re-entered the driver's side in response to appellant's entry and turned off the engine, appellant's immediate response was to produce his gun and instruct Davis to get out of the car. Davis' wife testified that appellant ordered Davis to exit, and upon hearing that, she also pleaded with her husband to get out of the car.
>
> Coupled with Battle's testimony that appellant needed transportation and that Battle's vehicle was inoperable, the evidence was competent and credible and was

sufficient for a rational fact finder to conclude that appellant intended to take control of Davis' vehicle when he entered the car and produced a gun.

Rec. No. 1718-12-2, March 26, 2013 Order at 8-9.

Nothing in this analysis is objectively unreasonable, nor is it contrary to or an unreasonable application of Jackson. Claim 3 amounts to no more than an invitation for this Court to re-weigh the evidence in a manner more favorable to him, which is plainly prohibited. Because the state court's rejection of petitioner's contention that the evidence was insufficient to support the charges against him was factually reasonable and conformed with applicable federal principles, that result may not be disturbed here, and Claim 3 must be dismissed. Williams, 529 U.S. at 412-13.

## VI. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Judgment and Order shall issue.

Entered this 5 day of Feby 2016.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge

14